UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF SAMUEL
TURRETTINI FOR JUDICIAL ASSISTANCE
PURSUANT TO 28 U.S.C. § 1782

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/5/2018_

17 Misc. 490 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Samuel Turrettini brings this *ex parte* case pursuant to 28 U.S.C. § 1782 requesting discovery for anticipated litigation in the United Kingdom. Turrettini, who alleges that he was defrauded in connection with an investment in Brazil, seeks bank and transaction records from financial institutions located in New York. For the reasons stated below, the request is GRANTED.

      Before granting an application pursuant to § 1782, a court must find that three statutory requirements are satisfied: "that (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery be for use in a foreign proceeding before a foreign tribunal, and (3) the application be made by a foreign or international tribunal or any interested person." *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir. 2015) (internal quotation marks omitted).

      The Court finds that all three statutory requirements are met. First, the entities from which discovery is sought, Bank of America National Association, Bank of New York Mellon, Citibank NA, Deutsche Bank Trust Company Americas, Standard Chartered Bank, and Wells Fargo NA, all reside or are found within this district, having headquarters or offices here. Kaufmann Decl. ¶ 9, ECF No. 7; Mem. at 10–11, ECF No. 6. Second, the discovery is intended for use in an action in a foreign tribunal, the United Kingdom, and specifically the High Court of England and Wales. Mem. at 11. Third, Turrettini, the putative plaintiff in the anticipated foreign litigation, is an "interested person" with respect to obtaining this discovery.

      Having found that the statutory requirements are satisfied, the Court must consider whether granting the application would be an appropriate use of its discretion. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). In so doing, the Court considers: (1) whether the person from whom discovery is sought is participating in the foreign proceeding; (2) the nature of the foreign tribunal and its receptiveness to U.S. judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome. *See id.* at 264–65.

      The first factor, whether the person from whom discovery is sought is participating in the foreign proceeding, weighs in favor of Turrettini because the financial institutions are not participants in the matter arising abroad. *See id.* ("[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."). So too

weighs the second factor because there is little doubt that the U.K. courts are a legitimate adjudicative forum and that they would be receptive to discovery obtained in federal court.  *See La Suisse, Societe d'Assurances Sur La Vie v. Kraus*, 62 F. Supp. 3d 358, 362 (S.D.N.Y. 2014) ("U.K. procedural rules allow parties to submit relevant evidence, and that U.K. courts are permitted to use foreign discovery devices to gather evidence.").  Third, the Court is not aware of any evidence that "the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions," such as privilege rules or a protective order against the receipt of transaction records at issue.  Finally, Turrettini's proposed subpoena, as outlined in Exhibit A of the Kaufmann Declaration, includes only two requests that are narrowly tailored to obtain wire transfer records among the relevant parties.  ECF No. 7–1.  Thus, all factors militate toward a grant of the application.

Accordingly, for the reasons stated above, application is GRANTED.  Adam S. Kaufmann of Lewis Baach Kaufmann Middlemiss PLLC may issue subpoenas to Bank of America National Association, Bank of New York Mellon, Citibank NA, Deutsche Bank Trust Company Americas, Standard Chartered Bank, and Wells Fargo NA to produce documents within their possession, custody, or control concerning the matters listed in Exhibit A to the Declaration of Adam S. Kaufmann.  *Id*.  This Order shall not preclude the financial institutions from moving to quash or modify the subpoenas.

SO ORDERED.

Dated: January 5, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge